[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR MODIFICATION #146, 147
The marriage of the parties was dissolved on August 2, 1989. In the Memorandum of Decision, Coppeto, J., the court stated that it could not consider an award of any part of the defendant's contingent interest in a trust which would not vest until the death of his mother. The court said, "[I]f, as, and when the defendant does receive his share of the trust funds, it might very well be a change of circumstances to warrant a modification of the award of periodic alimony . . . ." His share was then estimated to be $120,000. In fact, the defendant's share vested and he received approximately $122,000 whereupon the plaintiff brought these motions for modification.
Section 46b-86 of the Connecticut General Statutes provides that any final order for the periodic payment of alimony may be modified upon a showing of a "substantial change in the circumstances of either party."
The court has reviewed the parties' financial affidavit filed at the time of dissolution and now. The plaintiff's circumstances have changed by virtue of her full-time employment. Her CT Page 1071-S liabilities remain approximately the same as they were in June. 1989. Although she shows a greater amount, because she has included her daughter's school loans on her current financial affidavit which she feels morally bound to pay, she has no obligation to pay these student loans. Her assets, however, have decreased. She is unable to make needed repairs on the real property which has to be sold this year. A back problem also causes her some limitations. She has also had two accidents: one which has been reported to the Workers' Compensation Commission, the other the result of an automobile accident for which she has not at fault. She has not yet decided whether or not to file suit.
The defendant has undergone a substantial change of circumstances. Although his income has not increased appreciably, his assets have. Even when the equity of the old Greenwich home is halved for the 1989 financial affidavit thereby reducing his total assets by over $190,000, he demonstrates a substantial increase in assets today. Part of this increase is due to the trust fund monies he received as was anticipated by the trial court.
Accordingly, the court orders that the defendant pay to the CT Page 1071-T plaintiff the sum of $150 per month as periodic alimony.
Leheny, J.